[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10941
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00048-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONDRE ANTWAN POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2021)

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Rondre Powell appeals his conviction as a felon in possession of a firearm. He raises five arguments. First, Powell argues that the district court admitted his cell phone into evidence without sufficiently authenticating it. Second, he contends that the government violated his Fifth Amendment right to remain silent by commenting in closing argument on his failure to testify. Third, he claims that a witness introduced testimonial hearsay in violation of his Confrontation Clause rights. Fourth, he argues that the district court erred when it denied his motion for a judgment of acquittal. Finally, he claims that the accumulation of errors violated his right to a fair trial. After careful review, we affirm.

I.

While on patrol in Orange County, Florida, Detective Hepburn noticed a dark blue SUV speeding and weaving through traffic and decided to run its plates. As he followed the SUV, Hepburn saw three women in the backseat but no one in the front passenger seat. He decided to perform a traffic stop, because the inconsistencies between the registered description and the vehicle suggested it was stolen. As the SUV backed into a front parking spot at a hotel, Hepburn pulled up with his unmarked vehicle's lights flashing and stopped in front of the SUV. Seeing him, the driver fled, and Hepburn pursued on foot. During this brief encounter, Hepburn still hadn't noticed that Powell was sitting in the front passenger seat.

2

Once Hepburn began pursuing the driver, Powell exited the SUV and fled in the opposite direction. The driver quickly evaded Hepburn, so he circled back and found the three women collecting bags from the back of the SUV and walking away. As he detained them, he spotted a MAC-10 firearm on the floor of the SUV by the front passenger seat. He recovered the firearm and secured it in his vehicle.

At this point, Hepburn was still unaware that Powell had fled the scene. But he knew that the driver was missing, so he called in support—including K-9 and helicopter units—to help search for the driver. A K-9 unit led two officers to a brushy area behind a nearby fence where they discovered Powell. They briefly detained him but then let him go when Hepburn informed them that he was not the missing driver. They recorded Powell's name and date of birth and then resumed their search. Not until Hepburn later reviewed the hotel security footage did he realize that Powell had fled from the front passenger seat of the SUV.

Powell was arrested a few days later when officers traced his cell phone to another hotel. While Detective Adams was interviewing Powell in a patrol vehicle outside the hotel, Powell asked her to access his phone—which had been taken from him and placed in the front of the vehicle. Adams opened the phone and retrieved some phone numbers for Powell. Later Adams requested a search warrant for the contents of the phone, and forensic analysis recovered photos of Powell brandishing two different firearms. Some of the photos matched the MAC-

3

10 machine pistol recovered from the stolen SUV.  And one photo matched the revolver recovered on the day of the arrest from Powell's hotel room.

During his trial Powell moved for a judgment of acquittal, and the court denied it.  Powell presented no evidence and did not testify.  The jury found him guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

## II.

We review evidentiary rulings for both abuse of discretion and harmless error.  *United States v. Nunez*, 1 F.4th 976, 983 (11th Cir. 2021); *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006).  Constitutional issues not properly raised before the district court are reviewed for plain error.  *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).  Preserved Confrontation Clause claims are reviewed de novo and subject to constitutional harmless error analysis.  *United States v. Curbelo*, 726 F.3d 1260, 1271–72 (11th Cir. 2013); *United States v. Jones*, 601 F.3d 1247, 1264 (11th Cir. 2010).

## III.

Powell raises five arguments on appeal.

## A.

First, Powell claims that the district court abused its discretion when it admitted his cell phone because it was not sufficiently authenticated.  Under Rule

4

901 of the Federal Rules of Evidence, the government "must produce evidence sufficient to support a finding that the item is what the proponent claims it is," which may include "testimony of a witness with knowledge" or "distinctive characteristics of the item." *See* Fed. R. Evid. 901(a), (b)(1), (b)(4). This "merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be." *United States v. Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985). A more rigorous standard would infringe on the responsibility of the trier of fact—here the jury—to determine authenticity. *See id.* To establish an abuse of discretion, Powell must show "that there is no competent evidence in the record to support" the district court's determination. *See United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011).

Powell makes no such showing here.[1] On the contrary, Powell concedes that the phone had two distinguishing characteristics—"a coarse surface and a champagne color." Further, Adams identified the phone as Powell's during her testimony, relying in part on its unique characteristics. Adams also had extensive experience with Powell's phone: she retrieved phone numbers for him at his

---

[1] Powell also claims that the court abused its discretion here because there were "some serious gaps" in the chain of custody of his phone. But, as Powell concedes, our precedent squarely forecloses this argument. *See United States v. Hughes*, 840 F.3d 1368, 1383 (11th Cir. 2016) ("[G]aps in the chain of custody bear on only the weight of the evidence, not its admissibility.").

request, authored the search warrant, sent the phone to digital forensics, and reviewed the images of Powell extracted from it. This is competent evidence, and it is more than sufficient to show that the district court did not abuse its discretion when it admitted Powell's phone.

## B.

Powell also believes that the government's closing rebuttal violated his Fifth Amendment right to remain silent. Because Powell did not preserve his claim by objecting below, we review for plain error. *See Bobb*, 577 F.3d at 1371. Before we can correct an error not raised at trial, Powell must show (1) an error, (2) that is plain, and (3) that affects his substantial rights. *See United States v. Williams*, 445 F.3d 1302, 1308 (11th Cir. 2006), *abrogated on other grounds by United States v. Lewis*, 492 F.3d 1219, 1221 (11th Cir. 2007). This Court "may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Here, there is no error. Powell mischaracterizes the government's closing statement as commentary on his "failure to take the stand." In contrast, the government correctly explains that its statement referred to Powell's silence during his initial encounter with the officers and K-9 unit:

> But, again, was he telling the truth to officers when he said he sleeps in the bushes near the parking lot of that hotel? Why didn't he mention his girlfriend? Why didn't he tell officers, "Oh, I'm sleeping

6

here in the bushes, and I'm waiting for my girlfriend to come pick me up in the bushes."

Nothing in this rebuttal statement hinted at a failure to testify. And, even if we construe Powell's argument to be that this comment on his silence during the police encounter violated his Fifth Amendment rights, the result is unchanged. For, the "government may comment on a defendant's silence if it occurred prior to the time that he is arrested and given his *Miranda* warnings." *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir. 1991). Here, as the government explains and as Powell does not contest, Powell had not been given *Miranda* warnings and was not even arrested until days later. While Powell claims that the Fifth Amendment protection applies regardless, *Rivera* squarely forecloses this argument.

Further, even assuming the government's comments were improper, the error was anything but plain. It is not "clear" or "obvious" under current law that the government is prohibited from commenting on pre-*Miranda* silence. *See Williams*, 445 F.3d at 1308. Instead, the opposite is true: such comments are expressly permitted by *Rivera*. 944 F.2d at 1568. Finally, even if Powell had properly preserved the error by contemporaneously objecting to these comments, we would still find that this was a harmless error given the ample evidence against him. *See United States v. Roy*, 855 F.3d 1133, 1167, 1178 (11th Cir. 2017).

C.

Powell also asserts that some of the witness testimony violated his rights under the Confrontation Clause. Testimonial statements by witnesses not testifying at trial must be excluded under the Sixth Amendment unless "the declarant is unavailable" and "the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Witness statements to law enforcement officers are testimonial when there is no ongoing emergency and "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). When Confrontation Clause violations occur, we assess whether the defendant was prejudiced by the error and will not reverse if the error was "harmless beyond a reasonable doubt." *Roy*, 855 F.3d at 1167, 1178 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Applying the harmless error test here, we consider: the importance of the hearsay statements to the government's case, whether the statements were cumulative, the corroborating evidence, the extent of cross-examination permitted, and the overall strength of the government's case. *See United States v. Gari*, 572 F.3d 1352, 1363 (11th Cir. 2009).

Powell accuses Detective Adams of introducing testimony hearsay because she relayed statements made to her by Regionda Ball and Cherry Carter, two of the

8

women who were riding in the back of the SUV.[2]  Adams testified that Ball told her "that she didn't know anything," "that the gun wasn't hers," and that she was Powell's girlfriend.  Adams testified that Carter told her "she didn't know anything about that gun and it wasn't hers."

Even assuming that these statements were testimonial hearsay that violated the Confrontation Clause, this error was harmless.  These passing statements were ancillary at worst and cumulative at best to the government's case.  Even though Powell could not cross-examine the hearsay declarants, he was given ample opportunity to cross Adams.  Despite this, and even if we construe all these first four factors in Powell's favor, the strength of the government's case alone makes this error harmless.  Detective Hepburn identified Powell as the individual who sat in front passenger seat where the MAC-10 firearm was found.  An officer with the K-9 unit testified that he and another officer located and detained Powell during the search for the SUV driver and that Powell matched the description of the front seat passenger.  Photos of Powell brandishing firearms were extracted from Powell's phone.  The firearm in some photos matched the MAC-10 firearm recovered from the stolen SUV, and the firearm in one other photo looked like the

---

[2] In his reply brief Powell raises a new argument that some of Detective Hepburn's testimony also violated the Confrontation Clause.  But Powell forfeited these arguments, because arguments "raised for the first time in the reply brief are deemed waived." *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).  Even if it had been preserved, any such error was harmless.

revolver found in Powell's hotel room on the day he was arrested. The government's case would have been no less persuasive if the hearsay statements had been excluded, so admitting them was harmless error. *See Gari*, 572 F.3d at 1363.

D.

Powell also challenges the district court's denial of his motion for a judgment of acquittal and claims that cumulative error violated his right to a fair trial. Both arguments fall short. The motion for judgment of acquittal fails because, viewing all facts and inferences "in the light most favorable to the government," "a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *See United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016). Here, the government's evidence was more than sufficient. Second, "'cumulative' error is not possible when there is only one error or no errors at all." *United States v. Leonard*, 4 F.4th 1134, 1147 (11th Cir. 2021). With the Confrontation Clause claim as the sole surviving non-reversible error, there can be no cumulative error.

*    *    *

We reject Powell's five arguments against his conviction. The district court did not abuse its discretion when it admitted his phone. Nor did the government's closing rebuttal violate his Fifth Amendment right to remain silent. Even assuming

10

Adams's testimony violated the Confrontation Clause by introducing testimonial hearsay, this error was harmless and alone could not constitute cumulative error. Finally, the district court did not err in denying Powell's motion for a judgment of acquittal.  We therefore affirm Powell's conviction.

**AFFIRMED.**